IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

     PLAINTIFF,

  v.

STARBUCKS CORP.;
AFC ENTERPRISES, INC. D/B/A POPEYE'S
CHICKEN AND BISCUITS D/B/A POPEYE'S;
BOB EVANS FARMS, INC. D/B/A BOB
EVANS;
BOB EVANS RESTAURANTS OF
MICHIGAN, LLC;
BRINKER INTERNATIONAL, INC. D/B/A
CHILI'S D/B/A ROMANO'S MACARONI
GRILL D/B/A MAGGIANO'S LITTLE ITALY;
BURGER KING CORP.;
CALIFORNIA PIZZA KITCHEN, INC.;
CEC ENTERTAINMENT, INC. D/B/A CHUCK
E. CHEESE'S;
CEC ENTERTAINMENT CONCEPTS, L.P.;
CICI ENTERPRISES, LP D/B/A CICI'S PIZZA;
CINNABON, INC.;
CRACKER BARREL OLD COUNTRY
STORE, INC. D/B/A CRACKER BARREL;
DARDEN RESTAURANTS, INC. D/B/A RED
LOBSTER D/B/A LONGHORN
STEAKHOUSE D/B/A OLIVE GARDEN
D/B/A THE CAPITAL GRILLE D/B/A
BAHAMA BREEZE D/B/A SEASONS D/B/A
LONGHORNSTEAKHOUSE.COM;
DARDEN CONCEPTS, INC.;
GMRI, INC.;
DD IP HOLDER, LLC;
DUNKIN' BRANDS, INC. D/B/A DUNKIN
DONUTS;
DUNKIN DONUTS, INC.;
DELI MANAGEMENT, INC. D/B/A JASON'S
DELI;
APPLEBEE'S INTERNATIONAL, INC.;
APPLEBEE'S IP, LLC;
DOCTOR'S ASSOCIATES INC. D/B/A

CIVIL ACTION NO. _____

SUBWAY;
FRANCHISE WORLD HEADQUARTERS,
LLC;
DOMINO'S PIZZA, INC.;
DR. PEPPER SNAPPLE GROUP, INC.;
GODFATHER'S PIZZA, INC.;
GREAT HARVEST BREAD CO.;
IHOP CORP.;
IHOP IP, LLC;
DINEEQUITY, INC. D/B/A IHOP D/B/A
INTERNATIONAL HOUSE OF PANCAKES;
JACK IN THE BOX, INC.;
LANDRY'S INC. D/B/A CHART HOUSE
D/B/A SALT GRASS D/B/A CLAIM JUMPER
D/B/A OCEANAIRE D/B/A SALTGRASS;
SALTGRASS, INC.;
THE OCEANAIRE, INC.;
LITTLE CEASAR ENTERPRISES, INC.;
ILITCH HOLDINGS, INC.;
MCDONALD'S CORP.;
MOE'S SOUTHWEST GRILL, LLC;
MSWG, LLC;
MOE'S, INC.;
MOE'S FRANCHISOR, LLC;
MR. GATTI'S, L.P.;
MAMA JIM'S PIZZA, INC. D/B/A MR. JIM'S
PIZZA;
PANERA BREAD COMPANY;
PANERA, LLC;
PAPA JOHNS INTERNATIONAL, INC.;
PAPA JOHNS USA, INC.;
PIZZA INN, INC.; AND
PIZZERIA UNO CORP.

     DEFENDANTS.               JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GEOTAG, INC. files this Complaint against STARBUCKS CORP.; AFC

ENTERPRISES, INC. D/B/A POPEYE'S CHICKEN AND BISCUITS D/B/A POPEYE'S; BOB

EVANS FARMS, INC. D/B/A BOB EVANS; BOB EVANS RESTAURANTS OF MICHIGAN,

LLC; BRINKER INTERNATIONAL, INC. D/B/A CHILI'S D/B/A ROMANO'S MACARONI

GRILL D/B/A MAGGIANO'S LITTLE ITALY; BURGER KING CORP.; CALIFORNIA PIZZA KITCHEN, INC.; CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S; CEC ENTERTAINMENT CONCEPTS, L.P.; CICI ENTERPRISES, LP D/B/A CICI'S PIZZA; CINNABON, INC.; CRACKER BARREL OLD COUNTRY STORE, INC. D/B/A CRACKER BARREL; DARDEN RESTAURANTS, INC. D/B/A RED LOBSTER D/B/A LONGHORN STEAKHOUSE D/B/A OLIVE GARDEN D/B/A THE CAPITAL GRILLE D/B/A BAHAMA BREEZE D/B/A SEASONS D/B/A LONGHORNSTEAKHOUSE.COM; DARDEN CONCEPTS, INC.; GMRI, INC.; DD IP HOLDER, LLC; DUNKIN' BRANDS, INC. D/B/A DUNKIN DONUTS; DUNKIN DONUTS, INC.; DELI MANAGEMENT, INC. D/B/A JASON'S DELI; APPLEBEE'S INTERNATIONAL, INC.;  APPLEBEE'S IP, LLC; DOCTOR'S ASSOCIATES INC. D/B/A SUBWAY;   FRANCHISE WORLD HEADQUARTERS, LLC; DOMINO'S PIZZA, INC.; DR. PEPPER SNAPPLE GROUP, INC.; GODFATHER'S PIZZA, INC.; GREAT HARVEST BREAD CO.; IHOP CORP.; IHOP IP, LLC; DINEEQUITY, INC. D/B/A IHOP D/B/A INTERNATIONAL HOUSE OF PANCAKES; JACK IN THE BOX, INC.; LANDRY'S INC. D/B/A CHART HOUSE D/B/A SALT GRASS D/B/A CLAIM JUMPER D/B/A OCEANAIRE D/B/A SALTGRASS; SALTGRASS, INC.; THE OCEANAIRE, INC.; LITTLE CEASAR ENTERPRISES, INC.; ILITCH HOLDINGS, INC.; MCDONALD'S CORP.; MOE'S SOUTHWEST GRILL, LLC;  MSWG, LLC; MOE'S, INC.;  MOE'S FRANCHISOR, LLC; MR. GATTI'S, L.P.; MAMA JIM'S PIZZA, INC. D/B/A MR. JIM'S PIZZA; PANERA BREAD COMPANY; PANERA, LLC; PAPA JOHNS INTERNATIONAL, INC.; PAPA JOHNS USA, INC.; PIZZA INN, INC.; and PIZZERIA UNO CORP. (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") is a Delaware Corporation with a place of business in Plano, Texas.

2.      On information and belief, Defendant STARBUCKS CORP. ("STARBUCKS") has a place of business in Seattle, Washington.

3.      On information and belief, Defendant AFC ENTERPRISES, INC. D/B/A POPEYE'S CHICKEN AND BISCUITS D/B/A POPEYE'S ("POPEYE'S") has a place of business in Atlanta, Georgia.

4.      On information and belief, Defendant BOB EVANS FARMS, INC. D/B/A BOB EVANS has a place of business in Columbus, Ohio.

5.      On information and belief, Defendant BOB EVANS RESTAURANTS OF MICHIGAN, LLC has a place of business in Columbus, Ohio.  Hereinafter, BOB EVANS FARMS, INC. D/B/A BOB EVANS and BOB EVANS RESTAURANTS OF MICHIGAN, LLC are referred to collectively as "BOB EVANS."

6.      On information and belief, Defendant BRINKER INTERNATIONAL, INC. D/B/A CHILI'S D/B/A ROMANO'S MACARONI GRILL D/B/A MAGGIANO'S LITTLE ITALY ("BRINKER") has a place of business in Dallas, Texas.

7.      On information and belief, Defendant BURGER KING CORP. ("BURGER KING") has a place of business in Miami, Florida.

8.      On information and belief, Defendant CALIFORNIA PIZZA KITCHEN, INC. ("CPK") has a place of business in Los Angeles, California.

9.      On information and belief, Defendant CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S has a place of business in Irving, Texas.

10.     On information and belief, Defendant CEC ENTERTAINMENT CONCEPTS, L.P. has a place of business in Irving, Texas.  Hereinafter, CEC ENTERTAINMENT, INC. D/B/A CHUCK E. CHEESE'S and CEC ENTERTAINMENT CONCEPTS, L.P. are referred to collectively as "CEC."

11.     On information and belief, Defendant CICI ENTERPRISES, LP D/B/A CICI'S PIZZA ("CICI'S") has a place of business in Coppel, Texas.

12.     On information and belief, Defendant CINNABON, INC. ("CINNABON") has a place of business in Sandy Springs, Georgia.

13.     On information and belief, Defendant CRACKER BARREL OLD COUNTRY STORE, INC. D/B/A CRACKER BARREL ("CRACKER BARREL") has a place of business in Lebanon, Tennessee.

14.     On information and belief, Defendant DARDEN RESTAURANTS, INC. D/B/A RED LOBSTER D/B/A LONGHORN STEAKHOUSE D/B/A OLIVE GARDEN D/B/A THE CAPITAL GRILLE D/B/A BAHAMA BREEZE D/B/A SEASONS D/B/A LONGHORNSTEAKHOUSE.COM has a place of business in Orlando, Florida.

15.     On information and belief, Defendant DARDEN CONCEPTS, INC. has a place of business in Orlando, Florida.

16.     On information and belief, Defendant GMRI, INC. has a place of business in Orlando, Florida.  Hereinafter, DARDEN RESTAURANTS, INC. D/B/A RED LOBSTER D/B/A LONGHORN STEAKHOUSE D/B/A OLIVE GARDEN D/B/A THE CAPITAL GRILLE D/B/A BAHAMA BREEZE D/B/A SEASONS D/B/A LONGHORNSTEAKHOUSE.COM, DARDEN CONCEPTS, INC. and GMRI, INC. are referred to collectively as "DARDEN."

5

17.     On information and belief, Defendant DD IP HOLDER LLC has a place of business in Canton, Massachusetts.

18.     On information and belief, Defendant DUNKIN' BRANDS, INC. D/B/A DUNKIN DONUTS has a place of business in Canton, Massachusetts.

19.     On information and belief, Defendant DUNKIN DONUTS, INC. has a place of business in Canton, Massachusetts.  Hereinafter, DD IP HOLDER, LLC, DUNKIN' BRANDS, INC. D/B/A DUNKIN DONUTS and DUNKIN DONUTS, INC. are referred to collectively as "DUNKIN DONUTS."

20.     On information and belief, Defendant DELI MANAGEMENT, INC. D/B/A JASON'S DELI ("JASON'S DELI") has a place of business in Dallas, Texas.

21.     On information and belief, Defendant APPLEBEE'S INTERNATIONAL, INC. has a place of business in Lenexa, Kansas.

22.     On information and belief, Defendant APPLEBEE'S IP, LLC has a place of business in Lenexa, Kansas.   Hereinafter, APPLEBEE'S INTERNATIONAL, INC. and APPLEBEE'S IP, LLC are referred to collectively as "APPLEBEE'S."

23.     On information and belief, Defendant DOCTOR'S ASSOCIATES INC. D/B/A SUBWAY has a place of business in Milford, Connecticut.

24.     On   information   and   belief,   Defendant   FRANCHISE   WORLD HEADQUARTERS, LLC has a place of business in Milford, Connecticut.  Hereinafter, DOCTOR'S   ASSOCIATES   INC.   D/B/A   SUBWAY   and   FRANCHISE   WORLD HEADQUARTERS, LLC are referred to collectively as "SUBWAY."

25.     On information and belief, Defendant DOMINO'S PIZZA, INC. ("DOMINO'S") has a place of business in Ann Arbor, Michigan.

26.     On information and belief, Defendant DR. PEPPER SNAPPLE GROUP, INC. ("DR. PEPPER") has a place of business in Plano, Texas.

27.     On information and belief, Defendant GODFATHER'S PIZZA, INC. ("GODFATHER'S") has a place of business in Omaha, Nebraska.

28.     On information and belief, Defendant GREAT HARVEST BREAD CO. ("GREAT HARVEST") has a place of business in Dillon, Montana.

29.     On information and belief, Defendant IHOP CORP. has a place of business in Glenndale, California.

30.     On information and belief, Defendant IHOP IP, LLC has a place of business in Glenndale, California.

31.     On information and belief, Defendant DINEEQUITY, INC. D/B/A IHOP D/B/A INTERNATIONAL HOUSE OF PANCAKES has a place of business in Glenndale, California. Hereinafter, IHOP, CORP., IHOP IP, LLC and DINEEQUITY, INC. D/B/A IHOP D/B/A INTERNATIONAL HOUSE OF PANCAKES are referred to collectively as "IHOP."

32.     On information and belief, Defendant JACK IN THE BOX, INC. ("JACK IN THE BOX") has a place of business in San Diego, California.

33.     On information and belief, Defendant LANDRY'S INC. D/B/A CHART HOUSE D/B/A SALT GRASS D/B/A CLAIM JUMPER D/B/A OCEANAIRE D/B/A SALTGRASS has a place of business in Houston, Texas.

34.     On information and belief, Defendant SALTGRASS, INC. has a place of business in Houston, Texas.

35.     On information and belief, Defendant THE OCEANAIRE, INC. has a place of business in Houston, Texas.  Hereinafter, LANDRY'S INC. D/B/A CHART HOUSE D/B/A

SALT GRASS D/B/A CLAIM JUMPER D/B/A OCEANAIRE D/B/A SALTGRASS, SALTGRASS, INC. and THE OCEANAIRE, INC. are referred to collectively as "LANDRY'S."

36.     On information and belief, Defendant LITTLE CEASAR ENTERPRISES, INC. has a place of business in Detroit, Michigan.

37.     On information and belief, Defendant ILITCH HOLDINGS, INC. has a place of business in Detroit, Michigan.  Hereinafter, LITTLE CEASAR ENTERPRISES, INC. and ILITCH HOLDINGS, INC. are referred to collectively as "LITTLE CEASARS."

38.     On information and belief, Defendant MCDONALD'S CORP. ("MCDONALD'S") has a place of business in Oak Brook, Illinois.

39.     On information and belief, Defendant MOE'S SOUTHWEST GRILL, LLC has a place of business in Atlanta, Georgia.

40.     On information and belief, Defendant MSWG, LLC has a place of business in Atlanta, Georgia.

41.     On information and belief, Defendant MOE'S, INC. has a place of business in Atlanta, Georgia.

42.     On information and belief, Defendant MOE'S FRANCHISOR, LLC has a place of business in Atlanta, Georgia.  Hereinafter, MOE'S SOUTHWEST GRILL, LLC, MSWG, LLC, MOE'S, INC. and MOE'S FRANCHISOR, LLC are referred to collectively as "MOE'S."

43.     On information and belief, Defendant MR. GATTI'S, L.P. ("MR. GATTI'S") has a place of business in Austin, Texas.

44.     On information and belief, Defendant MAMA JIM'S PIZZA, INC. D/B/A MR. JIM'S PIZZA, INC. ("MR. JIM'S") has a place of business in Farmer's Branch, Texas.

45.     On information and belief, Defendant PANERA BREAD COMPANY has a place of business in St. Louis, Missouri.

46.     On information and belief, Defendant PANERA, LLC has a place of business in St. Louis, Missouri.   Hereinafter, PANERA BREAD COMPANY and PANERA, LLC are referred to collectively as "PANERA."

47.     On information and belief, Defendant PAPA JOHNS INTERNATIONAL, INC. has a place of business in Louisville, Kentucky.

48.     On information and belief, Defendant PAPA JOHNS USA, INC. has a place of business in Louisville, Kentucky.   Hereinafter, PAPA JOHNS INTERNATIONAL, INC. and PAPA JOHNS USA, INC. are referred to collectively as "PAPA JOHN'S."

49.     On information and belief, Defendant PIZZA INN, INC. ("PIZZA INN") has a place of business in The Colony, Texas.

50.     On information and belief, Defendant PIZZERIA UNO CORP. ("PIZZERIA UNO") has a place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

51.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction,

including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

52. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

53.     Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,930,474

54.     United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 29, 1999.

55.     GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

56.     The claims of the '474 Patent cover, *inter alia,* systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

57.     On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent.

58.     On information and belief, STARBUCKS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Locator at www.starbucks.com.

59.     On information and belief, POPEYE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Locator at www.popeyes.com.

60.     On information and belief, BOB EVANS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.bobevans.com.

61.     On information and belief, BRINKER has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On

information and belief, such systems and methods comprise the Locations at www.chilis.com, www.macaronigrill.com and/or www.maggianos.com.

62.     On information and belief, BURGER KING has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.burgerking.com.

63.     On information and belief, CPK has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find A Location Near You at www.cpk.com.

64.     On information and belief, CEC has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Locations at www.chuckecheese.com.

65.     On information and belief, CICI'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with

geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Restaurant Locator at www.cicispizza.com.

66.     On information and belief, CINNABON has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Locate A Store at www.cinnabon.com.

67.     On information and belief, CRACKER BARREL has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Closest Cracker Barrel at www.crackerbarrel.com and/or www.crackerbarrellocs.com.

68.     On information and belief, DARDEN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Restaurant Finder at www.darden.com, www.redlobster.com, www.longhornsteakhouse.com, www.olivegarden.com, www.thecapitalgrille.com, www.bahamabreeze.com and/or www.season52.com.

69.     On information and belief, DUNKIN DONUTS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Store Finder at www.dunkindonuts.com.

70.     On information and belief, JASON'S DELI has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Want To Find A Location and Get Menus With Prices In Your Area at www.jasonsdeli.com.

71.     On information and belief, APPLEBEE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.applebees.com.

72.     On information and belief, SUBWAY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On

information and belief, such systems and methods comprise the Restaurant Locator at www.subway.com.

73.   On information and belief, DOMINOS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Locations at www.dominos.com.

74.   On information and belief, DR. PEPPER has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Product Locator at www.drpeppersnapplegroup.com.

75.   On information and belief, GODFATHER'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at wwww.godfatherspizza.com.

76.   On information and belief, GREAT HARVEST has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474

patent.  On information and belief, such systems and methods comprise the Bakery Locator at www.greatharvest.com.

77.    On information and belief, IHOP has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Restaurant Locator at www.ihop.com.

78.    On information and belief, JACK IN THE BOX has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.jackinthebox.com.

79.    On information and belief, LANDRY'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Locations at www.chart-house.com, www.saltgrass.com, www.claimjumper.com and/or www.theoceanaire.com.

80.    On information and belief, LITTLE CEASARS has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line

information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Locator at www.littleceasars.com.

81.     On information and belief, MCDONALD'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.mcdonalds.com.

82.     On information and belief, MOE'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find Moe's Locations at www.moes.com.

83.     On information and belief, MR. GATTI'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find Your Local Gatti's at www.gattispizza.com.

84.     On information and belief, MR. JIM'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale

in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Which Mr. Jim's Is Closest To Me at www.mrjimspizza.com.

85.    On information and belief, PANERA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Locations at www.panerabread.com.

86.    On information and belief, PAPA JOHN'S has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find A Store at www.papajohns.com.

87.    On information and belief, PIZZA INN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find A Store at www.pizzainn.com.

88.     On information and belief, PIZZERIA UNO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Find A Location at www.unos.com.

89.     To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

90.     As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG. Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, GEOTAG respectfully requests that this Court enter:

1.     A judgment in favor of GEOTAG that Defendants have infringed the '474 patent;

2.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '474 patent;

3.     A judgment and order requiring Defendants to pay GEOTAG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '474 patent as provided under 35 U.S.C. § 284;

4.     An award to GEOTAG for enhanced damages as provided under 35 U.S.C. § 284;

20

5.     A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to GEOTAG its reasonable attorneys' fees; and

6.     Any and all other relief to which GEOTAG may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GEOTAG requests a

trial by jury of any issues so triable by right.


December 17, 2010                                Respectfully submitted,

                                                GEOTAG, INC.

                                                By: /s/ *John J. Edmonds*
                                                John J. Edmonds – Lead Counsel
                                                Texas Bar No. 789758
                                                Michael J. Collins
                                                Texas Bar No. 4614510
                                                Stephen F. Schlather
                                                Texas Bar No. 24007993
                                                COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                1616 S. Voss Road, Suite 125
                                                Houston, Texas 77057
                                                Telephone: (281) 501-3425
                                                Facsimile: (832) 415-2535
                                                jedmonds@cepiplaw.com
                                                mcollins@cepiplaw.com
                                                sschlather@cepiplaw.com

                                                L. Charles van Cleef
                                                Texas Bar No. 786305
                                                Van Cleef Law Office
                                                500 N Second Street
                                                Longview, Texas 75601
                                                (903) 238-8244
                                                (903) 248-8249 Facsimile
                                                charles@vancleef.net

                                                ATTORNEYS FOR PLAINTIFF
                                                GEOTAG, INC.